UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

―――――

CHARLES N. BARNEY, # 574515,       )
                                   )
                    Plaintiff,     )        Case No. 1:08-cv-694
                                   )
v.                                 )        Honorable Paul L. Maloney
                                   )
CHRISTINE MEYER, D.O., et al.      )        **REPORT AND RECOMMENDATION**
                                   )
                    Defendants.    )
_____    )


     This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.  The matter is before me on a motion by defendants Correctional Medical Services, Inc. (CMS), Christine Meyer, D.O., Craig Hutchinson, M.D., and Brendan Sherry, P.A., seeking dismissal of plaintiff's complaint with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute (docket # 56), based on plaintiff's failure to file a response to defendants' November 24, 2009 motion for summary judgment (docket # 54) and the court's December 1, 2009 order (docket # 55) notifying plaintiff of his opportunity to respond to the motion.

     I recommend that defendants' frivolous Rule 41(b) motion be denied.  *See Carver v. Bunch*, 946 F.2d 451 (6th Cir. 1991).  I further recommend that defendants' attorney be warned that he faces the imposition of sanctions under Rule 11 and 28 U.S.C. § 1927 if he files another frivolous Rule 41(b) motion.

**<u>Discussion</u>**

Rule 41(b) of the Federal Rules of Civil Procedure states as follows:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

FED. R. CIV. P. 41(b). "Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure to prosecute the claim and comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736(6th Cir. 2008). The Sixth Circuit has instructed lower courts to consider four factors when reviewing a Rule 41(b) motion:

> (1) whether the party's failure was due to willfulness, bad faith, or fault;

> (2) whether the adversary was prejudiced by the party's conduct;

> (3) whether the party was warned that failure to cooperate could lead to dismissal; and

> (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer*, 529 F.3d at 736; *Knoll v. AT&T*, 176 F.3d 359, 362-63 (6th Cir. 1999). "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363. "The dismissal of a claim for failure to prosecute is a harsh sanction which the court should only order in extreme situations showing a clear record of contumacious conduct." *Schafer*, 529 F.3d at 736; *see Nader v. Land*, 433 F.3d 496, 501-02 (6th Cir. 2006). Here, all four factors weigh heavily against granting defendants' motion. Plaintiff has not violated any court order and there is no evidence of willfulness, bad faith, or fault. The court's order (docket # 55) simply notified plaintiff of his

opportunity to file a response. Plaintiff is perfectly within his rights to ignore defendants' motion for summary judgment and accept the consequences. There is no basis for imposing sanctions against plaintiff or warning him that failure to cooperate could lead to dismissal of this lawsuit. Far from being prejudiced, defendants' chances of success on their motion for summary judgment increased exponentially when plaintiff elected not to file a response. *See Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009); *Calderone v. United States*, 799 F.2d 254, 258-59 (6th Cir. 1986).

The court could not possibly grant defendants' Rule 41(b) motion without abusing its discretion and committing reversible error. *See Carver v. Bunch*, 946 F.2d at 454-55; *accord Bangura v. Hansen*, 434 F.3d 487, 497 (6th Cir. 2006). "A district court cannot grant summary judgment in favor of a party simply because the adverse party has not responded." *Carver*, 946 F.2d at 455. The court cannot dismiss an action under Rule 41(b) based on a party's failure to file a response to a summary judgment motion. 946 F.2d at 455.

Defendants emphasize that they "are entitled to prompt resolution of this case." (Def. Brief at 3). All parties are entitled to prompt resolution of their cases. Suffice it to say, defendants' attorney's decision to file this frivolous Rule 41(b) motion has delayed the case rather than expedited it. His action has caused an unnecessary delay in the court's consideration of defendants' potentially meritorious motion for summary judgment. Defendants' attorney must understand that the filing of a frivolous Rule 41(b) motion constitutes grounds for the court to impose sanctions against him under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. *See BDT Prod., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 750-51 (6th Cir. 2010); *Hall v. Liberty Life Assur. Co of Boston*, 595 F.3d 270, 275-76 (6th Cir. 2010).

**Recommended Disposition**

For the foregoing reasons, I recommend that defendants' frivolous Rule 41(b) motion (docket # 56) be denied. I further recommend that defendants' attorney be expressly warned that he faces the imposition of sanctions under Rule 11 and 28 U.S.C. § 1927 if he files another frivolous Rule 41(b) motion.


Dated:  June 1, 2010        /s/  Joseph G. Scoville_____
                                United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).