UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CHARLES N. BARNEY, # 574515,                )
                                             )
                Plaintiff,       )   Case No. 1:08-cv-694
                                             )
v.                                           )   Honorable Paul L. Maloney
                                             )
CHRISTINE MEYER, D.O., et al.,               )   **REPORT AND RECOMMENDATION**
                                             )
                Defendants.      )
_____ )

       This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff alleges that he received inadequate medical care for a skin condition during the period from March 23, 2006, through July 2007. The four remaining defendants are Correctional Medical Services, Inc. (CMS), Christine Meyer, D.O., Craig Hutchinson, M.D., and Brendan Sherry, P.A. On November 24, 2009, these defendants filed a hybrid motion captioned as follows: "Motion to Dismiss Pursuant to 42 U.S.C. § 1997e(a), Fed. R. Civ. P. 12(b)(6) and/or Fed. R. Civ. P. 56." (docket # 54). The court converted defendants' motion into a motion for summary judgment because it relied on evidence outside the pleadings.[1] The court's December 1, 2009 order notified plaintiff of his opportunity to submit affidavits, documents, or other materials in opposition to defendants'

---

[1] Federal Rule of Civil Procedure 12(d) states that "on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED.R.CIV.P. 12(d). It would have been error for the court to grant defendants' motion without first notifying plaintiff of his opportunity to present evidence in response to it. *See e.g., Bruce v. Correctional Med. Servs., Inc.*, No. 08-6339, 2010 WL 2842736, at * 3 (6th Cir. July 21, 2010).

motion for summary judgment. (docket # 55). Plaintiff elected not to file a response. For the reasons set forth herein, I recommend that all plaintiff's claims against defendant Hutchinson be dismissed because plaintiff's first amended complaint contains no factual allegations against Dr. Hutchinson. I further recommend that all plaintiff's state-law claims be dismissed with prejudice because plaintiff has abandoned those claims and he did not comply with the statutory prerequisites to bringing malpractice claims. I recommend that defendants' motion for summary judgment be granted on all plaintiff's remaining claims and that a final judgment be entered in defendants' favor.

## **Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see Cady v. Arenac County*, 574 F.3d 334, 339 (6th Cir. 2009). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the

nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir 2010).

Although plaintiff elected not to file a response to defendants' motion for summary judgment, the court may not for that reason alone enter judgment against plaintiff. *See Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991); *accord Cacevic v. City of Hazel Park*, 226 F.3d 483, 486 (6th Cir. 2000). Rather, the court is required to examine defendants' summary judgment motion to ensure that they have discharged their initial burden.

**Proposed Findings of Fact**

The following facts are beyond genuine issue.² On March 23, 2006, plaintiff arrived at the Riverside Correctional Facility (RCF), and shortly thereafter began to develop reddish sores behind his ear and on his face. He was examined by Physician's Assistant David DeGraff and was provided with antibiotic ointment for his skin condition. (Am. Compl., ¶ 11, docket # 18). Plaintiff received additional antibiotic ointment in April of 2006. (*Id.*, ¶ 12). He was examined in June of 2006 and was provided with medication for treatment of what was then believed to be a fungal condition. (*Id.*, ¶ 13). When plaintiff was examined by a nurse in July 2006, he reported that the antibiotic cream was not working. Plaintiff was supplied with a new hydrocortisone cream medication. (*Id.*, ¶ 14). On August 8, 2006, plaintiff was examined and provided with additional hydrocortisone cream. (*Id.*, ¶ 16). He received a blood test on August 17, 2006. (*Id.*, ¶ 17). On September 11, 2006, plaintiff was examined by Physician's Assistant Sherry. A new treatment plan was initiated which included additional antibiotics. (*Id.*, ¶ 21). Plaintiff received another blood test on October 9, 2006. (*Id.*, ¶ 21). In November 2006, plaintiff was examined by Physician's Assistant Sherry. Plaintiff received a new prescription for the drug "Ketoconazole (also known as Nizoral) in 200 mg. tablets." (*Id.*, ¶ 25). Plaintiff states that all the aforementioned changes in his medical treatment regimen were approved by Dr. Meyer or other physicians. (*Id.*, ¶¶ 12-22, 25).

---

²Plaintiff's amended complaint is verified under penalty of perjury. (docket # 18 at 3, ID # 76). The portions of plaintiff's pleading satisfying the requirements of Rule 56(e) of the Federal Rules of Civil Procedure are considered as his affidavit in opposition to defendants' motion for summary judgment. *See El Bey v. Roop*, 530 F.3d 407 (6th Cir. 2008); *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000). Legal conclusions, whether asserted by a party in an affidavit or verified complaint, do not suffice to create a genuine issue of material fact for trial. *See Doe v. Magoffin County Fiscal Ct.*, 174 F. App'x 962, 966 (6th Cir. 2006).

In January 2007, plaintiff was transferred to the Thumb Correctional Facility (TCF). (Am. Compl., ¶ 26). On January 12, 2007, Dr. Pandya gave the following response to plaintiff's January 3, 2007 letter expressing concern regarding his Nizoral prescription:

> I am in receipt of your letter dated 01.03.07. Dr. Meyer and PA Sherry have done all the necessary blood tests. It showed that you most likely do not have an infection in your skin. We do get surprises now and then, hence they prescribed the medication. Considering your concern about the Nizoral [Ketoconazole] that is prescribed, I have reviewed your case. We will be doing a skin biopsy from 3-4 sites using a skin biopsy punch. A report on the biopsy will help us further diagnosing your problem. The dentist may do a biopsy from the spot in your mouth.

(*Id.*, ¶ 28). A doctor at TCF performed a skin biopsy and a blood test in late January 2007. (*Id.*, ¶ 30).

Plaintiff was transferred to the Gus Harrison Correctional Facility (ARF) in January or February 2007. (Am. Compl., ¶¶ 30-31). He received another blood test and was examined by a physician's assistant at ARF in mid-March 2007. (*Id.*, ¶ 31). He was transferred to the Parr Highway Correctional Facility (ATF) in late March or early April 2007. (*Id.*, ¶¶ 34-35). In July of 2007, plaintiff was examined by Dr. Broschart, a dermatologist. Dr. Broschart diagnosed plaintiff's condition as lupus erythematosus. She provided plaintiff with prescriptions for Floucinolone Acetonide Cream and Plaquenil, and those medications have kept plaintiff's lupus under control. (*Id.*, ¶¶ 43-46).

Plaintiff filed two grievances. On October 27, 2006, he filed Grievance No. RCF-06-11-1063-12d3 in which he "claimed to the best of his knowledge there [was] something wrong with his blood which [was] causing his skin sores and various symptoms" and "asserted that RCF/CMS [would] not do a [blood] test to see [what] was wrong with him and his skin." (Am. Compl., ¶ 23).

He did not pursue this grievance through a Step III decision. (docket # 54-3, Armstrong Aff. ¶ 18, ID # 444).

On April 16, 2007, plaintiff filed Grievance No. ATF-07-04-333-12d3 "against ATF/CMS, i.e., Dr. D. Brady." (Am. Compl., ¶ 36). This is the only grievance that plaintiff pursued through all three steps of the MDOC's grievance process. (docket # 54-3, Armstrong Aff. ¶ 18, ID # 444; docket # 54-5, ID # 455). The Step III response is dated August 30, 2007, and it noted that plaintiff continued to receive regular medical treatment and had been treated by a dermatologist. (*Id.* at ID # 460).

On November 8, 2007, plaintiff filed this lawsuit in the United States District Court for the Eastern District of Michigan. (docket #1). The case was transferred here on July 23, 2008. (docket # 36).

**Discussion**

1.  Dr. Hutchinson

Plaintiff's initial complaint contained a factual allegation against Dr. Hutchinson. (docket # 1, ¶ 8). His amended complaint (docket # 18) does not. Plaintiff's amended complaint superseded his initial complaint and rendered the earlier complaint a nullity. *See B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 267 n.8 (6th Cir. 2008). Plaintiff's operative pleading does not allege any claim against Dr. Hutchinson, and he is entitled to an order dismissing him as a defendant.

2.  State-Law Claims

Defendants are entitled to dismissal of plaintiff's state-law claims with prejudice. Plaintiff abandoned all his state-law claims. (docket # 48, ID # 357). Further, he did not comply

with the notice of intent and other statutory prerequisites to bringing a medical malpractice claim under Michigan law. *See* MICH. COMP. LAWS §§ 600.2912b and 600.2912d; *Burton v. Reed City Hosp.*, 691 N.W.2d 424, 427-28 (Mich. 2005).

3. CMS

Plaintiff seeks to hold CMS vicariously liable for the acts of its employees Christine Meyer, D.O. and Brendan Sherry, P.A. A private corporation cannot be held liable under § 1983 on the basis of respondeat superior or vicarious liability. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir.1996). Rather, the plaintiff must establish a policy or custom that caused the constitutional violation. *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008). Plaintiff has not alleged facts or presented evidence of a custom or policy sufficient to establish entitlement to relief against CMS. *See League of United Latin Am. Citizens*, 500 F.3d 523, 527 (6th Cir. 2007); *see also Broyles v. Correctional Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at * 2 (6th Cir. Jan. 23, 2009).

4. Dr. Meyer and P.A. Sherry

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment,

and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard. Under *Wilson*, a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. No reasonable trier of fact could find in plaintiff's favor on the objective or subjective component of Eighth Amendment claims against these defendants.

The objective component of the Eighth Amendment standard requires that a plaintiff be suffering from a serious medical condition. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "[D]elay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute a constitutional violation." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2005). "[A] medical need is objectively serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* A non-obvious need for medical care can satisfy the "serious" medical need requirement, but "the inmate must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005); *see Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001). The mere presence of a serious medical condition is insufficient to establish the objective component. The plaintiff must make "an 'objective' showing that the deprivation was 'sufficiently serious' or

that the result of the defendant's denial was sufficiently serious." *Hudson*, 508 U.S. at 8; *see Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003). Plaintiff had a skin condition that turned out to be a symptom of an underlying medical condition, lupus erythematosus, an autoimmune disease. This condition satisfies the objective component of an Eighth Amendment violation.

The second prong under *Estelle* requires a showing of "deliberate indifference" to plaintiff's serious medical need. The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. A prison official cannot be found liable for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety." 511 U.S. at 837. The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> The subjective component, by contrast, requires a showing that the prison official possessed a sufficiently culpable state of mind in denying medical care. Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted); *see Dotson v. Phillips*, No. 09-5923, 2010 WL 2776875, at * 3 (6th Cir. July 12, 2010)("Mere negligence does not amount to deliberate indifference, as medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009) ("The subjective standard is meant to prevent the constitutionalization of medical malpractice claims . . . ."); *accord Mabry v. Antonini*, 289 F. App'x 895, 903 (6th Cir. 2008) ("'Where a prisoner has

-9-

received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law.'") (quoting *Westlake*, 537 F.2d 860 n.5).

Plaintiff has not presented evidence sufficient to support the subjective component of an Eighth Amendment claim for deliberate indifference to serious medical needs against defendants Sherry and Meyer. He claims that these medical professionals gave him the wrong medications, misdiagnosed his systemic lupus erythematosus as a fungus or skin infection, and should have referred him to a specialist. The record shows, however, that the prison health officials treated plaintiff's condition on an ongoing basis and displayed no deliberate indifference. The claims that defendants "should have" provided him with "different" medical care and referred him to someone with greater specialization in a particular area are at best, state-law malpractice claims. His disagreement with defendants' diagnosis and treatment falls far short of supporting an Eighth Amendment claim. *See e.g.*, *Kosloski v. Dunlap*, 347 F. App'x 177, 180 (6th Cir. 2009); *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 357 (6th Cir. 2006). I find that defendants Meyer and Sherry[3] are entitled to judgment in their favor as a matter of law on plaintiff's Eighth Amendment claims.

---

[3]Alternatively, these defendants would be entitled to the dismissal of all plaintiff's claims against them without prejudice based on plaintiff's failure to exhaust his available administrative remedies. *See* 42 U.S.C. § 1997e(a).

**Recommended Disposition**

For the foregoing reasons, I recommend that all plaintiff's claims against defendant Hutchinson be dismissed. I further recommend that all plaintiff's state-law claims be dismissed with prejudice because plaintiff has abandoned those claims and he did not comply with the statutory prerequisites to bringing state-law malpractice claims. I recommend that defendants' motion for summary judgment (docket # 54) be granted on all plaintiff's remaining claims and that a final judgment be entered in defendants' favor.


Dated: August 31, 2010  /s/ Joseph G. Scoville
United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).